QING SUN, Petitioner,

v.

Alberto R. GONZALES,* Respondent.

No. 05–3954–ag.

United States Court of Appeals,
Second Circuit.

Oct. 6, 2006.

David A. Bredin, New York, NY, for Petitioner.

Lawrence J. Laurenzi, Acting United States Attorney, Western District of Tennessee, Monica M. Simmons, Assistant United States Attorney, Memphis, TN, for Respondent.

Present: GUIDO CALABRESI, REENA RAGGI and RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Qing Sun, a native and citizen of China, petitions for review of an order of the Board of Immigration Appeals ("BIA"), affirming Immigration Judge ("IJ") Sandy Hom's denial of her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the facts of this case, its procedural posture, and the decision below.

This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C.

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

§ 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.,* 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73–79 (2d Cir.2004); *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178–83 (2d Cir.2004); *Secaida–Rosales v. INS,* 331 F.3d 297, 306–13 (2d Cir.2003); *Diallo v. INS,* 232 F.3d 279, 286–88 (2d Cir.2000).

In this case, the IJ's adverse credibility finding against Sun is supported by substantial evidence in the record in light of inconsistencies between Sun's asylum application, amended asylum application, 1999 hearing testimony, 2004 hearing testimony, and supporting documentation. The IJ correctly identified an inconsistency between Sun's original asylum application, which makes no mention of any forced IUD insertions by her work leader or family planning officials after the births of her children, and the testimony she gave in 1999 and 2004, and in her 2004 amended asylum application, in all of which she stated that she had been forced to have IUDs inserted after the birth of each of her three children and that she had paid to have the first two IUDs removed by a private doctor. The IJ also correctly identified inconsistencies in Sun's account of her sterilization. In her original asylum application, she stated that the procedure had taken one half-hour; in her amended asylum application, and in her 1999 and 2004 hearing testimonies, she stated that the procedure had lasted four hours. Further, Sun testified that she was sterilized by means of an experimental chemical injection. Her proffered expert, John Aird, had never heard of chemical sterilization being used in China. Moreover, Sun's account is at odds with the letter she submitted from an examining physician, Dr. Wong, who reported a 2 centimeter-long scar on Sun's abdomen consistent with tubal ligation. While Sun attempted to explain this significant discrepancy by as-

serting that Dr. Wong had made an error, the IJ properly found this explanation unconvincing. Letters or other evidence subsequently submitted by Sun to the BIA to refute Dr. Wong's finding are not properly before this Court for consideration because they were submitted in support of Sun's motion for reconsideration, from which she did not file a petition for review.

Because the only evidence of a threat to Sun's life or freedom depended upon her credibility, the adverse credibility determination in this case necessarily precludes success on the claim for withholding of removal. *See Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003). Moreover, the IJ correctly found that Sun had failed to establish that it was more likely than not that she would be subjected to torture if returned to China, and, accordingly, correctly denied her CAT claim.

For the foregoing reasons, the petition is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).